Spradlin *v.* Bratton.

R. A. SPRADLIN *v.* J. J. BRATTON.

1. STAY OF EXECUTION. *Judgment for rent.* A judgment recovered before a justice of the peace on a debt due for rent of land, may be stayed.

2. SAME. *Same. Landlord's lien. Attachment of the crop.* If the crop on which the debt is a lien has been attached in the suit, and an order for its sale made as a part of the judgment, the stay of the judgment will also stay the order of sale, and the plaintiff is not entitled to a *venditioni exponas* thereon, nor, of course, to a *mandamus* to compel the justice to issue the writ.

3. SAME. *Will not prejudice lien. Sale may be had or receiver appointed. When.* The stay of the judgment will not prejudice the lien on the crop, and the plaintiff may obtain an independent order of sale for the property as of a perishable nature, if the fact be so, and the appointment of a receiver to take charge of the property or its proceeds until the stay runs out.

FROM OBION.

Appeal in error from the Circuit Court at Union City. J. R. HAWKINS, J.

M. D. CARDWELL for Spradlin.

J. G. SMITH and W. M. SWIGGART for Bratton.

COOPER, J., delivered the opinion of the court.

On the 2d of January, 1875, Spradlin sued Bratton before a justice of the peace on a debt due for rent of land, and at the same time sued out an attachment to attach the crop growing on the land, under the provision of the Code giving a lien on the crop for the rent: Code, sec. 3541. The defendant

appeared and filed what he calls a plea in abatement of the attachment, to the effect "that the debt sued on is not due in manner and form as the plaintiff hath in his affidavit alleged." The justice gave judgment in favor of the plaintiff for $94.45 and costs, and ordered the property attached, consisting of forty barrels of corn and twelve hundred bundles of fodder, to be sold in satisfaction thereof. Within the two days thereafter prescribed by law the defendant stayed the execution of the judgment by giving security under the Code, sec. 3059. The plaintiff then applied to the justice for a writ of *venditioni exponas* to sell the property attached, which the justice refused to issue. Thereupon, the plaintiff filed his petition in the circuit court for a *mandamus* to compel the justice to issue the writ, and obtained a fiat from the judge for an alternative *mandamus*. The justice demurred to the writ, but the demurrer was overruled. The defendant Bratton then intervened as a party, and he and the justice filed answers to the *mandamus*. On the hearing, the circuit judge was of opinion that the plaintiff was entitled to a peremptory *mandamus*, and adjudged accordingly. The defendant Bratton appealed.

The Code, sec. 3059, is: "On all judgments before justices of the peace, the defendant is entitled to a stay of execution for eight months, upon entering good and sufficient security on the justice's docket for debt, interest and costs, within two entire days, Sundays excepted, after the rendition of the judgment." The language is general, and would include all judg-

Spradlin *v.* Bratton.

ments, and we are not aware that the courts have even made any exception unless there was a statute taking the particular case out of the rule. A special exception was made in the case of a judgment, recovered by motion, in favor of a stayor or surety against the principal debtor, or a co surety or stayor, after he has been compelled to pay the debt: Code, 4171.

The argument is, that the stay law does not apply to judgments upon suits for rent because the creditor is, by the express provisions of the Code, sec. 3539, given a lien on the growing crop for the security of the debt, the benefit of which would be lost by the stay of execution. It might be an answer to say, that if the creditor elect to sue before a justice, the security provided by law for the stay is in lieu of the speedier remedies when the judgment is not stayed. But the true answer is, that the benefit of the lien is not lost by the stay. The lien is merely suspended during the necessary law's delay, and can be enforced as soon as the period of stay has expired. If the creditor resort, as in this instance, to an original attachment, the property attached will remain in *custodia legis* until a *venditioni exponas* can issue. The creditor is precisely in the situation of the creditor who has obtained an attachment of his debtor's property, under the general attachment law, whose judgment has been stayed, without security, for "not exceeding twelve nor less than six months," by the court or justice in compliance with the provisions of the Code, secs. 3527, 3528.

Nor is there anything in the suggestion that the

property attached—the crop growing or made on the land—may perish during the stay, for the Code expressly provides for the sale of perishable property, seized by attachment, by order of the court or justice, unless replevied by the defendant, or by the officer himself, who has attached it, if it become necessary before he makes his return: Code, secs. 3504-5. And a receiver may be appointed in all other cases to take possession of the property, collect, manage and control the same, and pay over the proceeds according to the nature of the property and exigency of the case: Code, sec. 3503.

The judgment creditor has simply mistaken his remedy. He should have applied to the justice for a sale of the corn and fodder attached, as being of a perishable nature, and for a receiver to take charge of the fund until the stay of the judgment expired. He was clearly not entitled to a *venditioni exponas* on the judgment, for the issuance of that writ within the eight months of the stay would have been a violation of the statute.

The judgment of the circuit judge will be reversed, the demurrer to the *mandamus* sustained, and the proceedings dismissed with costs.